IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Fond du Lac Band of Lake Superior Chippewa, | Case No. 19-cv-02489 (PJS/LIB) |
| Plaintiff, | **ANSWER OF INTERVENOR-DEFENDANT POLY MET MINING, INC.** |
| v. | |
| Cathy Stepp, et al., | |
| Defendants. | |

Intervenor-Defendant Poly Met Mining, Inc. ("PolyMet"), for its Answer to the Complaint for Declaratory and Injunctive Relief by Plaintiff Fond du Lac Band of Lake Superior Chippewa ("Fond du Lac" or "the Band") states as follows:

## INTRODUCTION[1]

1.      PolyMet denies the allegations in Paragraph 1, except to admit that PolyMet holds several permits authorizing its proposed NorthMet project—a copper-nickel-platinum group metals mine in St. Louis County, Minnesota—including a Clean Water Act Section 404 dredge-and-fill permit ("Section 404 Permit") that the U.S. Army Corps of Engineers (the "Corps") issued in March 2019 and a National Pollutant Discharge Elimination System/State Disposal System

---

[1] For ease of reference, PolyMet's Answer refers to the headings contained in the Complaint. To the extent those headings could be construed to contain factual allegations, and to the extent a response is deemed required, those allegations are denied.

permit ("NPDES Permit") issued by the Minnesota Pollution Control Agency in December 2018.

2.    PolyMet admits that the Band is a federally recognized Indian tribe and that the Band occupies a reservation in northeastern Minnesota. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3.    PolyMet admits that the Band is a party to the 1854 Treaty. The text of the 1854 Treaty speaks for itself. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

4.    PolyMet admits that the Band has "Treatment as a State" status under 33 U.S.C. § 1377. PolyMet denies that the Band is a State. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.

5.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.    PolyMet denies the allegations in Paragraph 6, except to admit that PolyMet proposes to construct and operate the NorthMet Project. PolyMet states that Poly Met Mining, Inc. is a wholly owned subsidiary of PolyMet Mining Corp.

and that Glencore AG owns a majority of PolyMet Mining Corp.'s outstanding common stock.

7.     PolyMet admits that this action relates to a Clean Water Act Section 404 dredge-and-fill permit that the U.S. Army Corps of Engineers issued in March 2019 and a NPDES permit issued by the Minnesota Pollution Control Agency in December 2018.

8.     PolyMet denies the allegations in Paragraph 8, except to admit that one permit placed at issue in this case is an NPDES Permit issued by the Minnesota Pollution Control Agency ("MPCA") to PolyMet in December 2018. PolyMet states that the NPDES Permit authorizes discharges from the NorthMet Project.

9.     PolyMet denies the allegations in Paragraph 9, except to admit that one permit placed at issue in this case is a Section 404 Permit that the Corps issued to PolyMet in March 2019.

10.     PolyMet denies the allegations in Paragraph 10, except to admit that the Corps issued the Section 404 Permit on March 21, 2019. PolyMet states that the Corps, the U.S. Forest Service, and the Minnesota Department of Natural Resources served as co-lead agencies in preparing a Final Environmental Impact Statement for the NorthMet Project ("Final EIS"), which was published in November 2015.

11.     PolyMet denies the allegations in Paragraph 11.

12.     PolyMet denies the allegations in Paragraph 12.

13.     PolyMet admits that the Band brings this action for declaratory and injunctive relief.

## JURISDICTION AND VENUE

14.     PolyMet admits that this Court has jurisdiction.

15.     PolyMet admits that venue in this district is proper.

## PARTIES AND STANDING

16.     PolyMet admits that the Band is a federally recognized Indian tribe. PolyMet denies that the Fond du Lac reservation is approximately 70 miles downstream from the NorthMet project. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.

17.     PolyMet admits the allegations in Paragraph 17.

18.     PolyMet admits the allegations in Paragraph 18.

19.     PolyMet admits that EPA is an agency of the United States government with certain oversight responsibilities under the Clean Water Act. PolyMet denies any remaining allegations in Paragraph 19.

20.     PolyMet admits the allegations in Paragraph 20.

21.     PolyMet denies the allegations in Paragraph 21. PolyMet notes that Ryan D. McCarthy was sworn in as Secretary of the Army on September 26, 2019, and is no longer Acting Secretary.

22.     PolyMet admits the Corps is an agency of the United States government and that the Corps has authority to issue dredge-and-fill permits under Section 404 of the Clean Water Act. PolyMet denies any remaining allegations in Paragraph 22.

## LEGAL BACKGROUND

**A.      The Band's 1854 Treaty Rights in the 1854 Ceded Territory.**

23.     Paragraph 23 contains legal conclusions to which no response is required.

24.     Paragraph 24 contains legal conclusions to which no response is required.

25.     Paragraph 25 contains legal conclusions to which no response is required.

26.     Paragraph 26 contains legal conclusions to which no response is required.

27.     Paragraph 27 contains legal conclusions to which no response is required.

28.     Paragraph 28 contains legal conclusions to which no response is required.

**B.      The National Environmental Policy Act.**

29.    PolyMet denies that Paragraph 29 fully and accurately recites the provisions of the National Environmental Policy Act and states that the National Environmental Policy Act best reflects its terms.

30.    PolyMet denies that Paragraph 30 fully and accurately recites the provisions of the National Environmental Policy Act and states that the National Environmental Policy Act best reflects its terms.

31.    PolyMet denies that Paragraph 31 fully and accurately recites the provisions of the National Environmental Policy Act and states that the National Environmental Policy Act best reflects its terms.

32.    PolyMet denies that Paragraph 32 fully and accurately recites the provisions of the National Environmental Policy Act and states that the National Environmental Policy Act best reflects its terms.

33.    PolyMet denies that Paragraph 33 fully and accurately recites the provisions of the National Environmental Policy Act and states that the National Environmental Policy Act best reflects its terms.

34.    PolyMet denies that Paragraph 34 fully and accurately recites the provisions of the National Environmental Policy Act and states that the National Environmental Policy Act best reflects its terms.

35.    PolyMet denies that Paragraph 35 fully and accurately recites the provisions of the National Environmental Policy Act and states that the National Environmental Policy Act best reflects its terms.

36.    PolyMet denies that Paragraph 36 fully and accurately recites the provisions of the National Environmental Policy Act and states that the National Environmental Policy Act best reflects its terms.

**C.    The Clean Water Act.**

37.    PolyMet denies that Paragraph 37 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

**1.    National Pollutant Discharge Elimination System Permits.**

38.    PolyMet denies that Paragraph 38 fully and accurately recites the provisions of the Clean Water Act and the Minnesota Water Pollution Control Act and states that the Clean Water Act and the Minnesota Water Pollution Control Act best reflects their terms.

39.    PolyMet denies that Paragraph 39 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

40.    PolyMet denies that Paragraph 40 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

41.     PolyMet admits that MPCA and EPA have entered a Memorandum of Agreement ("MOA") regarding EPA's role in Minnesota's NPDES permitting and that federal regulations also govern EPA's role in NPDES permitting. PolyMet denies any remaining allegations in Paragraph 41.

42.     PolyMet denies that Paragraph 42 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

43.     PolyMet denies that Paragraph 43 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

44.     PolyMet denies that Paragraph 44 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

45.     PolyMet denies that Paragraph 45 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

46.     PolyMet denies that Paragraph 46 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

47.     PolyMet denies that Paragraph 47 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

**2.       Section 404 Dredge and Fill Permits.**

48.     PolyMet denies that Paragraph 48 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

49.     PolyMet denies that Paragraph 49 fully and accurately recites the provisions of the Corps' General Regulatory Policies and states that the Corps' General Regulatory Policies best reflects their terms.

50.     PolyMet denies that Paragraph 50 fully and accurately recites the provisions of the Corps' General Regulatory Policies and states that the Corps' General Regulatory Policies best reflects their terms.

51.     PolyMet denies that Paragraph 51 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

52.     PolyMet denies that Paragraph 52 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

53.     PolyMet denies that Paragraph 53 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

**3.      Section 401 Certifications and Objections of a Downstream State.**

54.     PolyMet denies that Paragraph 54 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

55.     PolyMet denies that Paragraph 55 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

56.     PolyMet denies that Paragraph 56 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

57.     PolyMet denies that Paragraph 57 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

58.     PolyMet denies that Paragraph 58 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

## FACTS AND ALLEGATIONS

**A.    The NorthMet Mining Project.**

59.    PolyMet denies the allegations in Paragraph 59, except to admit that the NorthMet Project would be Minnesota's first copper-nickel-platinum group mine and that the NorthMet Project is located within an area ceded to the United States in the 1854 Treaty.

60.    PolyMet denies the allegations in Paragraph 60, except to admit that EPA has identified the St. Louis River as an "area of concern."

61.    PolyMet denies the allegations in Paragraph 61, except to admit that NorthMet Project mining and processing would take place over an approximately 20-year mine life.

62.    PolyMet denies the allegations in Paragraph 62, except to admit that the NorthMet Project includes an open-pit mining area ("Mine Site") that would recover copper, nickel, and platinum group elements; that the processing of ore would occur at a processing plant ("Plant Site") approximately eight miles from the Mine Site; and that the Mine Site and Plant Site are connected by a Transportation and Utility Corridor.

63.    PolyMet denies the allegations in Paragraph 63, except to admit that the Mine Site occupies approximately 3,015 acres.

64.    PolyMet admits the allegations in Paragraph 64.

65.     PolyMet denies the allegations in Paragraph 65, except to admit that that the Section 404 Permit authorizes PolyMet to discharge dredged or fill material into 901.24 acres of wetlands and indirectly impact an additional 26.93 acres of wetlands.

66.     PolyMet denies the allegations in Paragraph 66.

67.     PolyMet denies the allegations in Paragraph 67, except to admit that the NorthMet Project's average ore processing rate would be up to 32,000 tons per day and that the NorthMet Project will generate a total of approximately 308 million tons of waste rock.

68.     PolyMet denies the allegations in Paragraph 68, except to admit that PolyMet's plans for the Plant Site include a Hydrometallurgical Plant; that residues from the Hydrometallurgical Plant would total up to 313,000 tons annually; and that those residues would be stored in a Hydrometallurgical Residue Facility ("HRF").

69.     PolyMet denies the allegations in Paragraph 69, except to admit that the NorthMet Project would generate tailings that would be stored in an existing Flotation Tailings Basin at the Plant Site and that the existing plant and tailings basin were once operated by LTV Steel Mining Company. PolyMet further states that the NorthMet Project would include containment and cleanup of the legacy

contamination at the Plant Site, including containment of the taconite ore tailings seepage.

70.     PolyMet denies the allegations in Paragraph 70. PolyMet states that the NorthMet Project will remove approximately 225 million tons of ore from the NorthMet deposit. PolyMet further states that the NorthMet Project will contain and treat the long-term seepage at the Flotation Tailings Basin.

71.     PolyMet denies the allegations in Paragraph 71, except to admit that the NorthMet Project includes a Wastewater Treatment System ("WWTS") that will discharge treated water to the headwaters of Unnamed Creek and Trimble Creek, which flow into the Embarrass River, and to Second Creek, which flows into the Partridge River. PolyMet further denies that Paragraph 71 fully and accurately recites the provisions of the NPDES Permit and states that the NPDES Permit best reflects its terms.

72.     PolyMet denies that Paragraph 72 fully and accurately recites the provisions of the NPDES Permit and states that the NPDES Permit best reflects its terms.

73.     PolyMet denies the allegations in Paragraph 73, except to admit that methylmercury can accumulate in fish when they ingest it and that sulfate can play a role in transforming mercury into methylmercury.

74.     PolyMet denies the allegations in Paragraph 74.

75.     PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76.     PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "[s]tudies by the Band and other experts have shown that a primary source of mercury concentration in fish in the St. Louis River is mining waste from existing mines in the vicinity of the Mining Project." PolyMet denies the remaining allegations in Paragraph 76.

77.     PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "wild rice is a vital cultural and Treaty resource for the Band." PolyMet denies the remaining allegations in Paragraph 77.

78.     PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

**B.      Environmental review of the NorthMet Mining Project.**

79.     PolyMet denies the allegations in Paragraph 79, except to admit that PolyMet submitted an application for a Clean Water Act Section 404 permit to the Corps on July 16, 2004.

80.     PolyMet admits that on October 25, 2005, the Corps and the DNR issued a Final Scoping Decision on the NorthMet Project. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80.

81.     PolyMet denies that Paragraph 81 fully and accurately recites the content of the Final Scoping Decision and states that the Final Scoping Decision best reflects that content.

82.     PolyMet admits that the Corps and the Minnesota Department of Natural Resources ("DNR") served as co-lead agencies in preparing a Draft Environmental Impact Statement ("Draft EIS"), which was published in October 2009; that the Corps, the U.S. Forest Service, and the DNR served as co-lead agencies in preparing a Supplemental Draft Environmental Impact Statement ("Supplemental Draft EIS"), which was published in December 2013; that the Corps, the U.S. Forest Service, and the DNR served as co-lead agencies in preparing a Final Environmental Impact Statement ("Final EIS"), which was published in November 2015; and that the Band participated in the EIS process as a cooperating agency. PolyMet denies the remaining allegations in Paragraph 82.

83.     PolyMet denies that "the Corps ignored the Band's special expertise and analyses, and instead relied on erroneous data and analyses developed primarily by PolyMet and its contractors." PolyMet admits that the tribal cooperating agencies participated extensively in the EIS process and that GLIFWC assisted the tribal cooperating agencies during the EIS process. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83.

84.     PolyMet admits that the Corps and the DNR served as co-lead agencies in preparing a Draft EIS, which was published in October 2009. PolyMet denies that the Draft EIS relied on "deficient analyses." PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84.

85.     PolyMet denies the allegations in Paragraph 85, except to admit that EPA submitted written comments on the Draft EIS on February 18, 2010, rating the Draft EIS as "Environmentally Unsatisfactory – Inadequate."

86.     PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.     PolyMet admits that the Corps, the U.S. Forest Service, and the DNR served as co-lead agencies in preparing a Supplemental Draft EIS, which was published in December 2013, and that EPA served as a cooperating agency for this and all subsequent stages of the EIS process. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87.

88.     PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89.     PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90.     PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91.     PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92.     PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.     PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94.     PolyMet admits that the Corps, the U.S. Forest Service, and the DNR acted as co-lead agencies in preparing a Supplemental Draft EIS, which was published in December 2013. PolyMet denies any remaining allegations in Paragraph 94.

95.     PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

96.     PolyMet admits that EPA submitted written comments on the Supplemental Draft EIS. PolyMet denies that Paragraph 96 fully and accurately recites the content of EPA's comments on the Supplemental Draft EIS and states that EPA's comments on the Supplemental Draft EIS best reflect that content. PolyMet states that EPA's comments on the Supplemental Draft EIS assigned that

document a rating of EC-2, indicating that EPA had "Environmental Concerns," but not identifying the Supplemental Draft EIS as inadequate.

97.     PolyMet denies that Paragraph 97 fully and accurately recites the content of EPA's comments on the Supplemental Draft EIS and states that EPA's comments on the Supplemental Draft EIS best reflect that content.

98.     PolyMet admits that the Corps, the U.S. Forest Service, and the DNR acted as co-lead agencies in preparing a Final EIS, which was published in November 2015.

99.     PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.    PolyMet denies that Paragraph 100 fully and accurately recites the content of the Final EIS and states that the Final EIS best reflects that content. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100.

101.    PolyMet denies that Paragraph 101 fully and accurately recites the content of the Final EIS and states that the Final EIS best reflects that content.

102.    PolyMet denies that Paragraph 102 fully and accurately recites the content of the Final EIS and states that the Final EIS best reflects that content. PolyMet states that the Corps independently reviewed the MODFLOW model used in the Final EIS; their results were similar to those expressed in the Final EIS.

PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102.

103.   PolyMet denies the allegations in Paragraph 103.

104.   PolyMet denies that Paragraph 104 fully and accurately recites the content of the Final EIS and states that the Final EIS best reflects that content. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104.

105.   PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105.

106.   PolyMet denies that Paragraph 106 fully and accurately recites the content of the Final EIS and states that the Final EIS best reflects that content.

107.   PolyMet denies that Paragraph 107 fully and accurately recites the content of the Final EIS and states that the Final EIS best reflects that content. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107.

108.   PolyMet denies that the analysis in the Final EIS is "inadequate" in any way. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108.

109.   PolyMet denies the allegations in Paragraph 109.

110.   PolyMet denies the allegations in Paragraph 110.

111.    PolyMet denies the allegations in Paragraph 111.

112.    PolyMet denies that GLIFWC's analysis is "more relevant" in any way. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112.

113.    PolyMet denies that the XP-SWMM model is "fatally flawed" in any way. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113.

114.    PolyMet denies the allegations in Paragraph 114.

115.    PolyMet denies that Paragraph 115 fully and accurately recites the content of the Final EIS and states that the Final EIS best reflects that content. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115.

116.    PolyMet denies that Paragraph 116 fully and accurately recites the content of the Final EIS and states that the Final EIS best reflects that content. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116.

117.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117.

118.    PolyMet denies that Paragraph 118 fully and accurately recites the content of EPA's comments on the Final EIS and states that EPA's comments on

the Final EIS best reflect that content. PolyMet denies the remaining allegations in Paragraph 118.

119.    PolyMet denies that Paragraph 119 fully and accurately recites the content of the Final EIS and states that the Final EIS best reflects that content.

120.    PolyMet denies the allegations in Paragraph 120.

121.    PolyMet denies the allegations in Paragraph 121.

**C.    EPA's oversight role for the NPDES Permit and 404 Permit.**

122.    PolyMet denies that Paragraph 122 fully and accurately recites the content of EPA's January 21, 2016, letter and states that EPA's January 21, 2016, letter best reflects that content.

**1.    EPA Region 5 political appointees prevent career staff from placing their concerns in the record regarding the NPDES Permit.**

123.    PolyMet denies that Paragraph 123 fully and accurately recites the content of emails between EPA staff and Ann Foss and states that emails between EPA staff and Ann Foss best reflects that content.

124.    PolyMet admits the allegations in Paragraph 124.

125.    PolyMet admits that EPA staff sent a letter to MPCA on November 3, 2016, and EPA and MPCA are parties to a MOA. PolyMet denies that Paragraph 125 fully and accurately recites the content of the November 3, 2016, letter and the MOA between EPA and MPCA and states that the November 3, 2016, letter and MOA best reflect that content.

126. PolyMet denies that Paragraph 126 fully and accurately recites the content of the November 3, 2016, letter and states that the November 3, 2016, letter best reflects that content.

127. PolyMet lacks knowledge or information as to the truth of the allegations in Paragraph 127.

128. PolyMet admits the allegations in Paragraph 128.

129. PolyMet admits the allegations in Paragraph 129.

130. PolyMet denies the allegations in Paragraph 130, except to admit that on January 17, 2018, MPCA provided a draft of the NPDES permit to EPA Region 5 for a pre-public notice review period.

131. PolyMet denies the allegations in Paragraph 131.

132. PolyMet admits the allegations in Paragraph 132.

133. PolyMet denies that Paragraph 133 fully and accurately recites the content of MPCA's handwritten notes and states that those notes best reflect that content.

134. PolyMet denies that Paragraph 134 fully and accurately recites the content of the Exhibit C and states that Exhibit C best reflects that content. PolyMet further denies that Exhibit C is an accurate and reliable record of discussions between "EPA Region 5 career staff" and "EPA senior management."

135.   PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135.

136.   PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136.

137.   PolyMet denies that Paragraph 126 fully and accurately recites the content of the March 13, 2018 email between Shannon Lotthammer and Kurt Thiede and states that the March 13, 2018 email best reflects that content.

138.   PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138.

139.   PolyMet denies the allegations in Paragraph 139.

140.   PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.

141.   PolyMet admits the allegations in Paragraph 141.

142.   PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142.

143.   PolyMet denies that Paragraph 143 fully and accurately recites the content of Exhibit E and states that Exhibit E best reflects that content. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143.

144.    PolyMet denies that Paragraph 144 fully and accurately recites the content of Exhibit E and states that Exhibit E best reflects that content. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144.

145.    PolyMet denies that Paragraph 145 fully and accurately recite the content of Exhibit E and states that Exhibit E best reflects that content. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145.

146.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146.

147.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147.

148.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148.

149.    PolyMet denies the allegations in Paragraph 149, except to admit that on September 25, 2018, EPA staff met with MPCA and PolyMet.

150.    PolyMet denies that Paragraph 150 fully and accurately recites the content of MPCA's notes and states that MPCA's notes best reflect that content.

151.    PolyMet denies that Paragraph 151 fully and accurately recites the content of MPCA's notes and states that MPCA's notes best reflect that content.

152.  PolyMet admits the allegations in Paragraph 152.

153.  PolyMet denies the allegations in Paragraph 153, except to admit that on December 4, 2018, MPCA sent EPA a proposed NPDES permit for the NorthMet Project.

154.  PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154.

155.  PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155.

156.  PolyMet denies that Paragraph 156 fully and accurately recites the content of Exhibit C and states that Exhibit C best reflects that content.

157.  PolyMet denies that Paragraph 157 fully and accurately recites the content of Exhibit C and states that Exhibit C best reflects that content.

158.  PolyMet denies that Paragraph 158 fully and accurately recites the content of Exhibit C and states that Exhibit C best reflects that content.

159.  PolyMet denies that Paragraph 159 fully and accurately recites the content of Exhibit C and states that Exhibit C best reflects that content.

160.  PolyMet denies that Paragraph 160 fully and accurately recites the content of Exhibit C and states that Exhibit C best reflects that content.

161.  PolyMet denies that Paragraph 161 fully and accurately recites the content of Exhibit C and states that Exhibit C best reflects that content.

162.    PolyMet admits that MPCA issued the NPDES Permit for the NorthMet Project to PolyMet on December 20, 2018. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162.

163.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163.

164.    PolyMet admits the allegations in Paragraph 164.

165.    PolyMet denies that Paragraph 165 fully and accurately recites the content of the January 31, 2019, letter from Jeffry Fowley to Kathlene Butler and states that the January 31, 2019, letter from Jeffry Fowley to Kathlene Butler best reflects that content.

166.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166.

167.    PolyMet admits that EPA produced the document attached as Exhibit E to the Complaint in response to Freedom of Information Act requests and litigation. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167.

168.    PolyMet admits that on June 12, 2019, EPA OIG notified EPA Region 5 that OIG would conduct an audit of a hotline complaint regarding Region 5's review of the NPDES permit for the NorthMet Project.

169.    PolyMet denies that Paragraph 169 fully and accurately recites the content of the June 25, 2019, order of the Minnesota Court of Appeals, and states that the June 25, 2019, order of the Minnesota Court of Appeals best reflects that content.

170.    PolyMet denies that Paragraph 170 fully and accurately recites the content of the June 25, 2019, order of the Minnesota Court of Appeals, and states that the June 25, 2019, order of the Minnesota Court of Appeals best reflects that content.

171.    PolyMet admits that Exhibit C was published by the *StarTribune* on July 16, 2019. PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171.

172.    PolyMet denies that Paragraph 172 fully and accurately recites the content of the August 6, 2019, order of the Minnesota Court of Appeals, and states that the August 6, 2019, order of the Minnesota Court of Appeals best reflects that content.

173.    PolyMet admits the allegations in Paragraph 173.

174.    PolyMet admits that EPA and the Corps are not involved in any Minnesota state court proceedings related to the NorthMet Project. PolyMet denies any remaining allegations in Paragraph 174.

175.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175.

176.    PolyMet denies the allegations in Paragraph 176.

177.    PolyMet denies the allegations in Paragraph 177.

**2.    EPA fails to provide the Band with the notice and related procedures for affected downstream States and Tribes required by 33 U.S.C. § 1341(a)(2).**

178.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178.

179.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179.

180.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180.

181.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181.

182.    PolyMet admits that MPCA issued a 401 Certification for the NorthMet Project on December 20, 2018. PolyMet denies that Paragraph 182 fully and accurately recites the provisions of the 401 Certification and states that the 401 Certification best reflects its terms.

183.    PolyMet admits the allegations in Paragraph 183.

184.    PolyMet denies that Paragraph 184 fully and accurately recites the provisions of the 401 Certification and states that the 401 Certification best reflects its terms.

185.    PolyMet denies that Paragraph 185 fully and accurately recites the provisions of the 401 Certification and states that the 401 Certification best reflects its terms.

186.    PolyMet admits the allegations in Paragraph 186.

187.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187.

188.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188.

189.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189.

190.    PolyMet denies the allegations in Paragraph 190, except to admit that EPA did not provide the Band with notice.

191.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191.

192.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192.

**D.      The Corps issues the 404 Permit for the Mining Project.**

193.    PolyMet admits that the Corps issued its Record of Decision ("ROD") and Section 404 permit for the NorthMet Project on March 21, 2019. PolyMet denies any remaining allegations in Paragraph 193.

194.    PolyMet denies that Paragraph 194 fully and accurately recites the provisions of the 404 Permit and states that the 404 Permit best reflects its terms.

195.    PolyMet denies that Paragraph 195 fully and accurately recites the content of the ROD and states that the ROD best reflects that content.

196.    PolyMet denies the allegations in Paragraph 196.

197.    PolyMet denies that Paragraph 197 fully and accurately recites the content of the ROD and states that the ROD best reflects that content.

198.    PolyMet denies that Paragraph 198 fully and accurately recites the content of the Final EIS, the 404 Permit, and the ROD and states that the Final EIS, the 404 Permit, and the ROD best reflects that content. PolyMet denies the remaining allegations in Paragraph 198.

199.    PolyMet denies the allegations in Paragraph 199.

200.    PolyMet denies the allegations in Paragraph 200.

201.    PolyMet denies that Paragraph 201 fully and accurately recites the content of the ROD and Final EIS and states that the ROD and Final EIS best reflects that content.

202.    PolyMet admits the allegations in Paragraph 202.

203.   PolyMet denies that Paragraph 203 fully and accurately recites the content of the ROD, the NPDES Permit, and Exhibit C and states that ROD, the NPDES Permit, and Exhibit C best reflect that content. PolyMet denies the remaining allegations in Paragraph 203.

204.   PolyMet denies the allegations in Paragraph 204.

205.   PolyMet denies the allegations in Paragraph 205.

206.   PolyMet denies the allegations in Paragraph 206, except to admit that the ROD is the final agency action for the Corps.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION:
## EPA'S FAILURE TO COMMENT ON OR OBJECT TO THE NPDES PERMIT WAS IMPROPERLY INFLUENCED IN VIOLATION OF THE APA

207.   PolyMet incorporates by reference its responses to Paragraphs 1 through 206.

208.   PolyMet denies that Paragraph 208 of the Complaint fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

209.   PolyMet denies that Paragraph 209 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

210.     PolyMet denies that Paragraph 210 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

211.     PolyMet denies that Paragraph 211 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

212.     PolyMet denies that Paragraph 212 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

213.     PolyMet denies that Paragraph 213 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

214.     PolyMet denies that Paragraph 214 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

215.     PolyMet denies that Paragraph 215 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

216.    PolyMet denies that Paragraph 216 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

217.    PolyMet denies that Paragraph 217 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

218.    PolyMet denies that Paragraph 218 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

219.    PolyMet denies that any "issues regarding the NPDES Permit" are "unresolved." PolyMet lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 219.

220.    PolyMet denies that Paragraph 220 fully and accurately recites the content of Exhibit C and states that Exhibit C best reflects that content. PolyMet denies the remaining allegations in Paragraph 220.

221.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221.

222.    PolyMet denies the allegations in Paragraph 222.

223.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223.

224.   PolyMet denies the allegations in Paragraph 224.

225.   PolyMet denies the allegations in Paragraph 225.

226.   PolyMet denies the allegations in Paragraph 226.

227.   PolyMet denies the allegations in Paragraph 227.

228.   PolyMet denies the allegations in Paragraph 228.

229.   PolyMet denies the allegations in Paragraph 229.

### SECOND CAUSE OF ACTION:
### EPA'S FAILURE TO REVIEW THE PROPOSED NPDES PERMIT FOR DISCHARGED AFFECTING THE BAND'S WATERS WAS IN VIOLATION OF THE CWA AND APA

230.   PolyMet incorporates by reference its responses to Paragraphs 1 through 229.

231.   PolyMet admits that EPA has granted the Band "Treatment as a State" status under 33 U.S.C. § 1377(e). PolyMet denies any remaining allegations in Paragraph 231.

232.   PolyMet denies that Paragraph 232 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

233.   PolyMet denies that Paragraph 233 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

234.   PolyMet denies that Paragraph 234 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

235.   PolyMet denies that Paragraph 235 fully and accurately recites the content of EPA's March 2018 comments and states that EPA's March 2018 comments best reflect that content.

236.   PolyMet denies the allegations in Paragraph 236, except to admit that MPCA sent the proposed NPDES Permit for the NorthMet Project to EPA on December 3, 2018.

237.   PolyMet denies that Paragraph 237 fully and accurately recites the provisions of the NPDES Permit and states that the NPDES Permit best reflects its terms.

238.   PolyMet denies that Paragraph 238 fully and accurately recites the provisions of the NPDES Permit and states that the NPDES Permit best reflects its terms.

239.   PolyMet denies that Paragraph 239 fully and accurately recites the provisions of the NPDES Permit and states that the NPDES Permit best reflects its terms.

240.   PolyMet denies that Paragraph 240 fully and accurately recites the provisions of the NPDES Permit and states that the NPDES Permit best reflects its terms.

241.   PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241.

242.   PolyMet admits that EPA has approved the Band's water quality standards. PolyMet denies any remaining allegations in Paragraph 242.

243.   PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243.

244.   PolyMet denies the allegations in Paragraph 244.

245.   PolyMet denies the allegations in Paragraph 245.

246.   PolyMet denies the allegations in Paragraph 246.

247.   PolyMet denies the allegations in Paragraph 247.

### THIRD CAUSE OF ACTION:
### EPA'S FAILURE TO ISSUE NOTICE TO THE BAND FOR THE 404 PERMIT WAS IMPROPERLY INFLUENCED IN VIOLATION OF THE APA

248.   PolyMet incorporates by reference its responses to Paragraphs 1 through 247.

249.   PolyMet admits that EPA has granted the Band "Treatment as a State" status under 33 U.S.C. § 1377(e). PolyMet denies any remaining allegations in Paragraph 249.

250.   PolyMet denies that Paragraph 250 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

251.   PolyMet denies that Paragraph 251 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

252.   PolyMet denies that Paragraph 252 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

253.   PolyMet denies that Paragraph 253 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

254.   PolyMet denies the allegations in Paragraph 254, except to admit that the Band pressed EPA to provide it notice under 33 U.S.C. § 1341(a)(2).

255.   PolyMet denies the allegations in Paragraph 255.

256.   PolyMet denies the allegations in Paragraph 256.

257.   PolyMet denies the allegations in Paragraph 257.

258.   PolyMet denies the allegations in Paragraph 258.

259.   PolyMet denies the allegations in Paragraph 259.

260.   PolyMet denies the allegations in Paragraph 260.

261.    PolyMet denies the allegations in Paragraph 261.

## FOURTH CAUSE OF ACTION:
### EPA'S FAILURE TO ISSUE NOTICE TO THE BAND FOR THE 404 PERMIT WAS IN VIOLATION OF THE CWA AND APA

262.    PolyMet incorporates by reference its responses to Paragraphs 1 through 261.

263.    PolyMet admits that EPA has granted the Band "Treatment as a State" status under 33 U.S.C. § 1377(e). PolyMet denies any remaining allegations in Paragraph 263.

264.    PolyMet denies that Paragraph 264 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

265.    PolyMet denies that Paragraph 265 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

266.    PolyMet denies the allegations in Paragraph 266, except to admit that the Band pressed EPA to provide it notice under 33 U.S.C. § 1341(a)(2).

267.    PolyMet denies that Paragraph 267 fully and accurately recites the content of Exhibit C and states that Exhibit C best reflects its terms.

268.    PolyMet denies the allegations in Paragraph 268.

269.    PolyMet denies the allegations in Paragraph 269.

270.    PolyMet denies the allegations in Paragraph 270.

271.    PolyMet denies the allegations in Paragraph 271.

272.    PolyMet denies the allegations in Paragraph 272.

## FIFTH CAUSE OF ACTION:
## THE CORPS' ANALYSIS OF ENVIRONMENTAL EFFECTS IS INADEQUATE IN VIOLATION OF NEPA AND THE APA

273.    PolyMet incorporates by reference its responses to Paragraphs 1 through 272.

274.    PolyMet denies that Paragraph 274 fully and accurately recites the provisions of the National Environmental Policy Act, 42 U.S.C. § 4332, and states that the National Environmental Policy Act best reflects its terms.

275.    PolyMet admits the allegations in Paragraph 275.

**A.     The Corps Failed to Meet Its Obligations to the band as a Cooperating Agency**

276.    PolyMet denies that Paragraph 276 fully and accurately recites the provisions of the National Environmental Policy Act, 42 U.S.C. § 1508, and states that the National Environmental Policy Act best reflects its terms.

277.    PolyMet denies that Paragraph 277 fully and accurately recites the provisions of the National Environmental Policy Act, 42 U.S.C. § 1501, and states that the National Environmental Policy Act best reflects its terms.

278.    PolyMet admits the allegations in Paragraph 278.

279.    PolyMet admits the allegations in Paragraph 279.

280.    PolyMet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280.

281.    PolyMet admits the allegations in Paragraph 281.

282.    PolyMet denies the allegations in Paragraph 282.

283.    PolyMet denies the allegations in Paragraph 283.

**B.    Arbitrary and Capricious Finding Regarding Environmental Effects**

284.    PolyMet denies that Paragraph 284 fully and accurately recites the provisions of the National Environmental Policy Act, 40 C.F.R. § 1508, and states that the National Environmental Policy Act best reflects its terms.

285.    PolyMet denies the allegations in Paragraph 285, except to admit that the NorthMet Project Final EIS was issued in November 2015.

286.    PolyMet denies the allegations in Paragraph 286.

287.    PolyMet denies the allegations in Paragraph 287.

288.    PolyMet denies the allegations in Paragraph 288.

289.    PolyMet denies the allegations in Paragraph 289.

290.    PolyMet denies the allegations in Paragraph 290.

291.    PolyMet denies the allegations in Paragraph 291.

292.    PolyMet denies the allegations in Paragraph 292.

293.    PolyMet denies the allegations in Paragraph 293.

294.    PolyMet denies the allegations in Paragraph 294.

295.    PolyMet denies the allegations in Paragraph 295.

296.    PolyMet denies the allegations in Paragraph 296, except to admit that the Corps' ROD relied on the Final EIS.

297.    PolyMet denies the allegations in Paragraph 297.

**C.    Arbitrary and Capricious Environmental Justice Analysis**

298.    PolyMet denies that Paragraph 298 fully and accurately recites the provisions of Executive Order No. 12,898 and states that Executive Order No. 12,898 best reflects its terms.

299.    PolyMet denies that Paragraph 299 fully and accurately recites the provisions of the Council on Environmental Quality Guidance ("CEQ Guidance") and states that CEQ Guidance best reflects its terms.

300.    PolyMet denies that Paragraph 300 fully and accurately recites the provisions of the CEQ Guidance and states that the CEQ Guidance best reflects its terms.

301.    PolyMet denies the allegations in Paragraph 301.

302.    PolyMet denies the allegations in Paragraph 302.

303.    PolyMet denies the allegations in Paragraph 303.

304.    PolyMet denies the allegations in Paragraph 304.

305.    PolyMet denies the allegations in Paragraph 305.

306.    PolyMet denies the allegations in Paragraph 306.

307.    PolyMet denies the allegations in Paragraph 307.

308.    PolyMet denies the allegations in Paragraph 308.

**D.      Failure to Prepare a Supplemental Environmental Impact Statement**

309.    PolyMet denies that Paragraph 309 fully and accurately recites the provisions of 40 C.F.R. § 1502.9(c)(1) and 33 C.F.R. § 230.13(b) and states that 40 C.F.R. § 1502.9(c)(1) and 33 C.F.R. § 230.13(b) best reflect their terms.

310.    PolyMet denies the allegations in Paragraph 310.

311.    PolyMet denies the allegations in Paragraph 311.

312.    PolyMet denies the allegations in Paragraph 312.

**SIXTH CAUSE OF ACTION**
**THE CORPS FAILED TO PROPERLY EVALUATE THE MINING PROJECT'S**
**IMPACTS ON THE BAND'S TREATY RIGHTS WITHIN AND OUTSIDE THE**
**RESERVATION IN VIOLATION OF FEDERAL COMON LAW GOVERNING**
**TREATIES WITH INDIAN TRIBES, NEPA AND THE APA**

313.    PolyMet incorporates by reference its responses to Paragraphs 1 through 312.

314.    PolyMet admits that the NorthMet Project is located on land ceded to the United States in the 1854 Treaty. PolyMet denies that the remaining allegations in Paragraph 314 fully and accurately recite the content of the Corps' findings and states that the Corps' findings best reflect that content.

315.    Paragraph 315 contains legal conclusions to which no response is required.

316.    Paragraph 316 contains legal conclusions to which no response is required.

317.    PolyMet denies the allegations in Paragraph 317.

318.   PolyMet denies the allegations in Paragraph 318.

319.   PolyMet denies the allegations in Paragraph 319.

320.   PolyMet denies the allegations in Paragraph 320.

321.   PolyMet denies the allegations in Paragraph 321.

322.   PolyMet denies the allegations in Paragraph 322.

323.   PolyMet denies the allegations in Paragraph 323.

324.   PolyMet denies the allegations in Paragraph 324.

325.   PolyMet denies the allegations in Paragraph 325.

326.   PolyMet denies the allegations in Paragraph 326.

## SEVENTH CAUSE OF ACTION:
### THE CORPS' ANALYSIS OF CUMULATIVE IMPACTS/EFFECTS IS INADEQUATE IN VIOLATION OF NEPA, CWA AND THE APA

327.   PolyMet incorporates by reference its responses to Paragraphs 1 through 326.

328.   PolyMet denies that Paragraph 328 fully and accurately recites the provisions of the National Environmental Policy Act, 40 C.F.R. § 1508.7, and states that the National Environmental Policy Act best reflects its terms.

329.   PolyMet denies that Paragraph 329 fully and accurately recites the provisions of the Clean Water Act and states that the Clean Water Act best reflects its terms.

330.   PolyMet denies the allegations in Paragraph 330.

331.   PolyMet denies the allegations in Paragraph 331.

332.     PolyMet denies the allegations in Paragraph 332.

333.     PolyMet denies the allegations in Paragraph 333.

334.     PolyMet denies the allegations in Paragraph 334.

335.     PolyMet denies the allegations in Paragraph 335, except to admit that

the ROD relies on the Final EIS.

336.     PolyMet denies the allegations in Paragraph 336.

337.     PolyMet denies the allegations in Paragraph 337.

## EIGHTH CAUSE OF ACTION:
## THE CORPS' DECISION TO ISSUE THE 404 PERMIT WAS ARBITRARY AND CAPRICIOUS IN VIOLATION OF THE CWA AND APA

338.     PolyMet incorporates by reference its responses to Paragraphs 1

through 337.

339.     PolyMet denies the allegations in Paragraph 339.

340.     PolyMet denies the allegations in Paragraph 340.

341.     PolyMet denies the allegations in Paragraph 341.

342.     PolyMet denies the allegations in Paragraph 342.

343.     PolyMet denies the allegations in Paragraph 343.

344.     PolyMet denies the allegations in Paragraph 344.

345.     PolyMet denies the allegations in Paragraph 345.

346.     PolyMet denies the allegations in Paragraph 346.

## NINTH CAUSE OF ACTION:
## THE CORPS' EVALUATION OF THE 404 PERMIT APPLICATION AND

**DETERMINATION OF THE PUBLIC INTEREST WAS ARBITRATY AND CAPRICIOUS IN VIOLATION OF THE CWA AND APA**

347.   PolyMet incorporates by reference its responses to Paragraphs 1 through 346.

348.   PolyMet denies that Paragraph 348 fully and accurately recites the provisions of the Corps' General Regulatory Policies and states that the Corps' General Regulatory Policies best reflect their terms.

349.   PolyMet denies that Paragraph 349 fully and accurately recites the provisions of the Corps' General Regulatory Policies and states that the Corps' General Regulatory Policies best reflect their terms.

350.   PolyMet denies that Paragraph 350 fully and accurately recites the provisions of the Corps' General Regulatory Policies and states that the Corps' General Regulatory Policies best reflect their terms.

351.   PolyMet denies the allegations in Paragraph 351.

352.   PolyMet denies the allegations in Paragraph 352.

353.   PolyMet denies the allegations in Paragraph 353.

354.   PolyMet denies the allegations in Paragraph 354.

355.   PolyMet denies the allegations in Paragraph 355.

356.   PolyMet denies the allegations in Paragraph 356.

357.   PolyMet denies the allegations in Paragraph 357.

358.   PolyMet denies the allegations in Paragraph 358.

359.   PolyMet denies the allegations in Paragraph 359.

360.   PolyMet denies the allegations in Paragraph 360.

## PRAYER FOR RELIEF

PolyMet denies that Plaintiffs are entitled to any of the requested relief.


WHEREFORE, Intervenor-Respondent Poly Met Mining, Inc. respectfully requests that Plaintiff's causes of action be dismissed with prejudice and on the merits, that Plaintiff be granted no relief, and that the Court grant such other and further relief as it determines is just, proper and equitable.


Dated:  December 17, 2019        **GREENE ESPEL PLLP**


 s/ Monte A. Mills
Monte A. Mills, Reg. No. 030458X
Caitlinrose H. Fisher, Reg. No. 0398358
Davida S. McGhee, Reg. No. 0400175
222 S. Ninth Street, Suite 2200
Minneapolis, MN  55402
mmills@greeneespel.com
cfisher@greeneespel.com
dwilliams@greeneespel.com
(612) 373-0830

**VENABLE LLP**

Kathryn A. Kusske Floyd, DC Reg. No. 411027
*(pro hac vice pending)*
Jay C. Johnson, VA Reg. No. 47009
*(pro hac vice pending)*
600 Massachusetts Avenue, NW
Washington, DC 20001
kkfloyd@venable.com
jcjohnson@venable.com
(202) 344-4000

Attorneys for Intervenor-Defendant Poly Met
Mining, Inc.